IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTHONY B. RYAN                                              PLAINTIFF

V.                               NO. 10-3062

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Anthony B. Ryan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on September 8, 2004, alleging an inability to work since February 1, 1984, due to lower back pain. (Tr. 12, 486).[1] Administrative hearings were held on March 6, 2007 and December 13, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 804-822, 775-822).

By written decision dated February 6, 2008, the ALJ found that during the relevant time

---

[1] The ALJ noted as follows: "The undersigned also would note that while there is some indication that the claimant previously filed for benefits in 1985, also alleging disability on or about the time period alleged in the current application, which could effectively deny the claimant's claim by the doctrine of *res judiciata* and/or administrative finality, because the undersigned cannot reasonably find, based on the record as it stands, that the issues of this prior application and the current application are congruous, the undersigned finds the claimant's claim does not fail for this reason." (Tr. 11).

-1-

period, February 1, 1984 through December 31, 1984 (date of last insured): "[w]hile the claimant showed evidence of impairments during the relevant period which were 'severe impairments,' within the meaning of the Regulations, including a degree of restriction resulting therefrom, none of the claimant's conditions were severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. 12). The ALJ also found that Plaintiff retained the residual functional capacity (RFC) to perform medium work; could lift and/or carry and push and/or pull no more than 50 pounds occasionally and 25 pounds frequently, respectively; could stand and/or walk and sit no more than 6 hours of an 8 hour day, respectively; would not be able to climb ropes, ladders and scaffolds or work in environments where he would be exposed to unprotected heights/dangerous moving machinery parts; and would not be able to perform work involving more than understanding, remembering and carrying out simple to moderately detailed instructions in a work-related setting, interacting with co-workers and supervisors under routine supervision. (Tr. 13). With the help of a vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would have been able to perform work as an industrial cleaner or kitchen helper. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 14, 2010. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 11).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion

Of particular concern to the Court is the ALJ's failure to discuss the July 17, 1985 Physical Capacities Evaluation of Dr. E. Bruce McCornack of Orthopaedic Associates, Inc., who examined Plaintiff and stated that Plaintiff could sit consecutively for 2 hours, stand 2 hours and walk 2 hours. He also found that in a normal workday, Plaintiff could sit 4 hours, stand 4 hours, and walk 6 hours. (Tr. 526). He reported that Plaintiff could: lift up to 10 pounds frequently; up to 35 pounds occasionally; and could not lift up to 50 pounds at all. He found that Plaintiff could occasionally bend, squat, climb, twist, and crawl; could frequently reach above shoulder level; use hands for repetitive action; and had no other restrictions. (Tr. 526). The ALJ did not discuss Dr. McCornack's evaluation at all, and relied, in part, upon the Physical RFC Assessment completed by a non-examining physician, Dr. Ronald Crow, dated March 2, 2005. The opinion of a nonexamining source is generally given less weight than those of examining sources. McCoy v. Astrue, 648 F.3d 605, 615 (8th Cir. 2011). "That is especially true when, like here, the nonexamining expert's opinion is given in checklist format." Id. In addition, Dr. McCornack's examination took place at a time that was very close to the relevant time period,

AO72A
(Rev. 8/82)

as opposed to that of Dr. Crow's. The Court is of the opinion that this matter should be remanded in order for the ALJ to re-evaluate Plaintiff's RFC in light of the limitations set forth by Dr. McCornack.

The Court is also concerned about the hypothetical questions posed by the ALJ to the VE. In his first hypothetical question, the ALJ asked the VE to:

> just assume we're looking at medium or light or sedentary work but not heavy work, and assuming no climbing of ropes and ladders, scaffolds, and working with dangerous machinery parts, that type of thing. We ask you to assume an individual able to understand, remember and carry out simple to moderately detailed instructions in a work-related setting, and assume interaction with coworkers and supervisors under routine supervision, symptoms from a variety of sources, mild to moderate chronic pain or fatigue of related symptoms. Assume all of those variously described. Assume a sufficient severity is going to be noticeable to that person at all times and able to remain attentive and responsive within the above limits that I've just given to you.

(Tr. 787-88).

"An ALJ may not merely 'pose[] a generalized hypothetical question to [a] vocational expert which assume[s]'s' a claimant has the physical capacity to perform a given category of work." Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005). Such hypothetical questions are problematic, because "they often result in a failure to create a record showing that 'the vocational expert considered the particular individual disabilities of the claimant in evaluating [his] ability to perform alternative employment.'" Id. (citation omitted). Although the ALJ in the present case followed up with several additional hypotheticals, which included many of Plaintiff's other limitations, the dialogue between the ALJ and the VE was, as the very least, confusing. There was not one complete hypothetical question posed that included all of the Plaintiff's limitations which were supported by the record, and the Court cannot say with certainty that the VE clearly understood the entire scope of Plaintiff's limitations when providing

a list of medium, light, and sedentary jobs. Accordingly, upon remand, the ALJ should also present the VE with a hypothetical question which includes all of the Plaintiff's impairments which are supported by the record, and ask the VE what type of jobs would be available to Plaintiff.

The Court therefore believes that this matter should be remanded in order for the ALJ to give appropriate weight to Dr. McCornack's assessment and to re-evaluate Plaintiff's RFC, and to specifically list all of Plaintiff's limitations in a properly prepared hypothetical question to the VE.

**IV:   Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff during the relevant time period should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 21st day of December, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)