IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTHONY B. RYAN                                                          PLAINTIFF

V.                                          NO. 10-3062

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

**O R D E R**

    Plaintiff, Anthony B. Ryan, appealed the Commissioner's denial of benefits to this Court.
On December 21, 2011, a Judgment was entered remanding this matter to the Commissioner
pursuant to sentence four of 42 U.S.C. §405(g).  (Doc. 13).  Plaintiff now moves for an award
of $1,086.60 in attorney's fees, paralegal's fees, and costs under 28 U.S.C. § 2412, the Equal
Access to Justice Act (hereinafter "EAJA"), requesting compensation for 3.25 attorney hours of
work performed before the Court in 2010 and 2011, and 7.25 hours of paralegal work performed
before the Court in 2010 and 2011, at an hourly rate of $155.00 for the attorney, and $75.00 for
the paralegal.  Plaintiff also seeks $39.10 in postage and copies.  (Doc. 15-12).  Defendant has
filed a response, stating that he does not oppose the requested hourly rate or the total hours
requested, but does object to Plaintiff's request for $17.50 in copy costs.  (Doc. 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing
social security claimant unless the Commissioner's position in denying benefits was substantially
justified.   The burden is on the Commissioner to show substantial justification for the
government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).  Under
Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-

-1-

four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

-2-

accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $155.00 for work in 2010 and 2011, for the 3.25 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).   Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate.  Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases.  The CPI-South index supports counsel's requested hourly rate.  The Court finds that an award based upon an hourly rate of $155.00, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Plaintiff's counsel seeks .25 hours of paralegal time for "Receipt and review of file-marked copy of the Complaint and issued summons.  Review of file," and .40 hours of paralegal time for "Preparation of the Affidavit of Service and attachment and filed.  Review of file."  This time is clerical in nature and cannot be compensated under the EAJA.  Granville House, Inc. V.

AO72A
(Rev. 8/82)

<u>Department of HEW</u>, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, .65 hours of paralegal time will be deducted.

Plaintiff's counsel seeks reimbursement for $21.85 in postage expenses and $17.25 in copying costs. Defendant objects to an award for copying costs, arguing that Plaintiff is not entitled to such costs because his complaint was filed in forma pauperis (IFP). This Court has previously allowed the recovery of copying charges by IFP litigants, as the Defendant did not object to these charges. In the face of the objection now raised by the Defendant,[1] the Court has researched the issue and agrees that copying costs are not recoverable by IFP litigants.

The EAJA expressly allows for the recovery of costs "[e]xcept as otherwise specifically provided by statute[.]" 28 U.S.C. § 2412(a)(1). The statute governing IFP proceedings provides in pertinent part that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred." 28 U.S.C. § 1915(f)(1). Courts in the Eastern and Western Districts of Arkansas have distinguished costs from expenses and have held that the § 1915(f)(1)'s prohibition against the award of costs to IFP litigants includes only those items expressly listed as "costs" under 28 U.S.C. § 1920. See <u>Chandler v. Astrue</u>, Civil No. 10-5207, 2012 WL 1686653 at *3 (W.D. Ark. May 15, 2012); <u>Payne v.</u> Astrue, No. 3:10CV00133-JTR, 2012 WL 1606034 (E.D. Ark. May 8, 2012); <u>Jones v.</u> Barnhart, No. 1:02CV00042JFF, 2004 WL 2297857 (E.D. Ark. 2004). Items not enumerated in § 1920 may be considered expenses and recoverable against the United States

---

[1] **The Court urges the Defendant from this point forward to take a consistent position on the issue of copying costs.**

-4-

AO72A
(Rev. 8/82)

under the EAJA.  Since copying fees are specifically enumerated in § 1920 as costs, Plaintiff is not entitled to recover the $17.25 in copying costs.

Postage fees are not classified as costs under § 1920, and are, therefore, recoverable under the EAJA as expenses.  The Court finds $21.85 claimed for postage expenses is reasonable and will be awarded.  See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel.  Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 3.25 attorney hours at an hourly rate of $155.00 for work performed in 2010 and 2011; 6.60 paralegal hours at an hourly rate of $75.00 for work performed in 2010 and 2011;  for a total attorney's fee award of $998.75, plus the $21.85 in postage expenses.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 21st day of August, 2012.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)